STATE *v.* ANTHONY MAY

(No. 6981)

Submitted September 29, 1931.   Decided October 6; 1931.

*W. F. Damron,* for plaintiff in error.

*Howard B. Lee, Attorney General,* and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

LIVELY, JUDGE:

Defendant, charged and convicted of non-support of his wife, seeks to reverse the refusal of the circuit court of Cabell County to grant a writ of error to the judgment of the common pleas court which ordered defendant to pay a fine of $25.00 and $30.00 each month to his wife, as well as the sum of $360.00 accumulated payments under a judgment of a justice of peace, from which defendant had appealed. Errors relied upon by defendant are (1) that the verdict is contrary to the law and evidence; (2) that the court should have sustained defendant's special plea of *res judicata;* (3) that the court erred in giving state's instruction No. 1; (4) that defendant should not have been tried twice at the same term of common pleas court by jurors selected prior to the first day of the term; and (5) that the court erred in admitting certain evidence.

Anthony May and Margaret May were married in Huntington in 1925, and their marital difficulties started soon thereafter. The wife left her husband's home, and in June, 1930, having failed to procure relief in divorce proceedings, she caused a warrant, charging non-support, to be issued. Conviction of a defendant husband and the allowance of support, under the provisions of chapter 73, sections 1 and 3, Acts of 1925, are predicated upon the husband's desertion or wilful negligence or refusal, without just cause, to support a wife in destitute and necessitous circumstances. A husband's obligation to support and maintain his wife during coverture may be escaped only if the wife is guilty of some material offense which would entitle him to a divorce *a mensa et thoro. Vickers* v. *Vickers,* 88 W. Va. 236. And, if a husband subjects his wife to such tratment as compels her to leave him, he is said to be the deserter. *Walker* v. *Walker,* 109 W. Va. 662. Hence, in the instant case, to convict defendant necessitated a finding that Margaret May's departure from her husband's domicile was justified. Did the evidence warrant such finding? Details of the petulance and bickering of the parties would be of no benefit. It is sufficient to state that each charged physical and mental cruelty, denied by the alleged aggressor, and their testimony of assaults made by each is, in part, corroborated

by their respective witnesses. The question of justification was one for the jury which has, within its province, placed the blame upon the husband. We cannot find that the verdict was against the plain preponderance of the evidence. Citation of authorities that under such circumstances the finding of the jury will not be disturbed is unnecessary.

The second assignment of error relates to defendant's plea of *res judicata* setting up that matters alleged in the warrant were determined in divorce proceedings heard by the domestic delations court of Cabell County prior to the trial for nonsupport. Issue was joined thereon but defendant offered no proper evidence to sustain his special plea of former adjudication. No record of former adjudication was offered, or attempted to be offered, to the court. The burden of proving the existence of a former judgment is upon the party interposing the plea. *Osborne* v. *Gas Co.*, 100 W. Va. 441; 34 C. J. 1067. Hence, it must be said that defendant practically abandoned his plea and cannot now complain.

State's instruction No. 1, given by the court and objected to by defendant, explained to the jury the obligation of a financially able husband to provide for a wife in necessitous and destitute circumstances, and directed the jury to find defendant guilty if it believed from the evidence that defendant's wife was in necessitous and destitute circumstances and that defendant was financially able to provide for her support and maintenance but "without just cause wilfully neglected to do so". It is defendant's contention that the instruction did not consider the fact that the wife may have had no just cause to leave her husband. While it may be argued that the words "without just cause", used in the instruction, are not explicit, we find their full significance in the following language in defendant's instruction, also given:

"* * * unless they believe from all the evidence and circumstances in the case beyond a reasonable doubt that the defendant, Anthony May, did without just cause, desert or wilfully neglect or refuse to provide for the support and maintenance of his wife, in destitute and necessitous circumstances, or that his acts and treatment toward his wife, the prosecuting

witness, *was* such that she was compelled to leave and abandon her husband, then the jury should find the defendant not guilty * * *."

The instructions, when read together, are clear and unequivocal, and we are of the opinion that the jury was not misled.

A discussion of defendant's contention that "it was error to try him twice in the same term of the common pleas court by a jury impaneled from the same lot of jurors selected or drawn together prior to the first day of said term" is unnecessary, since there is nothing in the record evidencing any objection to any juror selected for the second trial. In order to take advantage of the disqualifications of petit jurors, objection must be asserted before the jury is sworn. *Garrett* v. *Patton*, 81 W. Va. 771. Likewise, the court will not consider the objections to the introduction of evidence, since the evidence in question was not made the subject of special bills of exception or specifically presented to the trial court as grounds of a motion to set aside the verdict and grant a new trial. See *Haldren* v. *Berryman*, 109 W. Va. 403.

The judgment is affirmed.

*Affirmed.*